UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § vs. § § LUIS DURAN MONTILLA § GERSON ADONY CHICAS ALFARO § KEVEN ARMANDO MARCANO § ELLOY FIGUEROA PEDRAZA § CITLALI MARTINEZ-MORALES, § § Defendants. § | CASE NO. 4:24-cr-225 |

## OPPOSED MOTION TO DISCLOSE DISCOVERABLE MATERIALS PURSUANT TO PROTECTIVE ORDER

The United States of America respectfully moves that the Court, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, permit the disclosure of discoverable information subject to a protective order restricting further disclosure.

On April 30, 2024, a grand jury indicted the above-named defendants for Kidnapping and Hostage Taking (ECF 47). Defendants Duran Montilla, Chicas Alfaro and Pedraza were arraigned on May 7, 2024. The remaining two defendants will be arraigned during the week of May 13, 2024.

Pursuant to its discovery obligations in this case, the United States wishes to disclose in discovery certain materials that implicate third-party privacy information and law enforcement sensitive information. For example, discovery materials in this case include information regarding the individuals who were kidnapped and those victims' families, including their names, ages, telephone numbers, home addresses, as well as bank account information.[1] Furthermore, there are

---

[1] The available evidence indicates that the kidnappers were paid via Zelle as well as Western Union transfers, among other methods.

particular sensitivities associated with the disclosure of investigative methods, names, and contact information of witnesses. The proposed protective order limits further disclosure of the discovery to be produced in this case, thereby allowing the government to meet its discovery obligations while also respecting the privacy rights of third parties and protecting law enforcement sensitive information.

WHEREFORE, the United States respectfully requests this Court permit disclosure consistent with the above requests.

Respectfully Submitted,

ALAMDAR S. HAMDANI
United States Attorney
Southern District of Texas

By:   */s/ John Ganz*
John Ganz
Assistant United States Attorney
Illinois ARDC #6289542
1000 Louisiana, Suite 2300
Houston, Texas 77002
Telephone (713) 567-9000

## CERTIFICATE OF CONFERENCE

On May 9, 2024, undersigned counsel provided a proposed protective order via email to all counsel of record in this case.

Attorneys Ali Fazell and Joshua Lake responded and requested changes to Paragraph 8. On May 14-15, 2024, undersigned counsel revised Paragraph 8 in an effort to accommodate Mr. Fazell's and Mr. Lake's concerns. (That revised version is included in this Motion.) Neither Mr. Fazell nor Mr. Lake, however, agree with the revised language. They specifically oppose Paragraph 8's requirement that defense counsel obtain court approval before sharing certain discovery with their clients.

Attorneys Tatiana Oblando, Jason Winton and Alejandro Macias did not reply.

      /s/ John Ganz
John Ganz
Assistant United States Attorney

## CERTIFICATE OF SERVICE

A true and correct copy of this document was served on counsel via electronic court filing on May 15, 2024.

      /s/ John Ganz
John Ganz
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>LUIS DURAN MONTILLA<br>GERSON ADONY CHICAS ALFARO<br>KEVEN ARMANDO MARCANO<br>ELLOY FIGUEROA PEDRAZA<br>CITLALI MARTINEZ-MORALES,<br><br>Defendants. | §§§§§§§§§§ CASE NO. 4:24-cr-225 |

## PROTECTIVE ORDER

The Court hereby GRANTS the Government's Motion to Disclose Discoverable Material Pursuant to Protective Order and ORDERS as follows:

1. As used in this Order, and unless otherwise specified, "Defendants" include attorneys for the defendants, persons employed to assist in the defense, or others as to whom the Court authorizes disclosures.

2. As used in this Order, the term "Victim" includes anyone who was kidnapped or held hostage as those terms are understood in 18 U.S.C. § 1201(a), 18 U.S.C. § 1203 and in other applicable federal law, including, but not limited to, related Fifth Circuit Pattern Jury Instructions; anyone to whom a ransom demand was made; anyone who was threatened in connection with the alleged crimes; anyone who contributed money to any ransom payments; anyone who arranged or otherwise facilitated ransom payments; and anyone who reported or otherwise provided information about the alleged crimes to law enforcement authorities.

3. All discoverable information provided by the United States to any Defendant in this case will be made pursuant to this order.

4. Defendants will protect discovery materials and all copies from unnecessary dissemination.

5. Defendants will use discovery materials provided by the United States solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding.

1

6. Defendants will not disclose discovery materials and their contents, and any notes or other record of discovery materials or their contents, to any person or entity.

7. Defendants will not copy discovery materials except as necessary to provide copies for use by an authorized person described above to prepare or assist in the defense, and all copies will be treated in the same manner as the original.

8. Defendants' attorneys will not review or otherwise provide to Defendants copies of documents containing identifying information of any Victim or non-Victim witness except where specifically found by the Court to be necessary to prepare or assist in the defense based upon a motion filed by the applicable Defendant and served upon the Government. *<u>Under no circumstances shall copies of documents containing identifying information of any Victim or non-Victim witness be left at any detention facility for any Defendant to review</u>*. Defendants' attorneys are thus permitted to review discovery with their clients, but only in compliance with this paragraph and the other terms of this Protective Order.

9. Defendants' attorneys will inform Defendants of the terms of this Order and direct Defendants not to disclose or use any information contained in the Government's discovery in violation of this Order.

10. Any papers to be served upon the Court by either party that include identifying information of any Victim or non-Victim witness shall be filed under seal. Any papers to be served upon the Court in response to papers served in conformity with the preceding paragraph shall also be filed under seal.

11. Defendants will return all discovery containing identifying information of any Victim or non-Victim witness and copies to the United States Attorney's Office (USAO) or certify their destruction to the United States following disposition of the case, except where an appeal is anticipated. Any archived, electronic copy of discovery retained by an attorney for any Defendant as a result of automatic electronic back-ups of discovery review tools is not a violation of this order.

12. Should any Defendant change their attorney at any time before discovery containing identifying information of any Victim or non-Victim witness and copies have been returned to the USAO, that Defendant's counsel will not provide the discovery to any subsequent counsel unless subsequent counsel for Defendant has agreed to, or has been ordered by the Court, to be bound by this Order. If subsequent counsel's consent to this Order cannot be obtained, Defendant's counsel shall return discovery containing identifying information of any Victim or non-Victim witness and all copies to the USAO immediately.

13. This Order applies to all discovery that has already been provided to Defendants, as well as future discoverable material provided to Defendants, except for the Defendants' own statements.

14. Nothing in this Order prevents either party from applying to the Court for modification or further relief.

15. Any person found violating any portion of this Order may be subject to the full contempt powers of the Court.

    **IT IS SO ORDERED.**

    Signed in Houston, Texas, on May ___, 2024.

    _____
    Honorable Ewing Werlein, Jr.
    Senior United States District Judge