UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| vs. | § § | CRIMINAL NO. 4:24-CR-225-2 |
| GERSON ADONY CHICAS ALFARO | § § § | |

# REPORT AND RECOMMENDATION

Before the Court, by referral pursuant to 28 U.S.C. § 636(b), is the matter of the re-arraignment of Gerson Adony Chicas Alfaro, Defendant in this action. Order, ECF No. 159.[1] The Court, having addressed Defendant personally in open court, now submits its Report and Recommendation.

On March 3, 2026, Mr. Alfaro appeared with counsel before the Court for the purpose of entering a guilty plea to Count 2 of the Second Superseding Indictment, charging him with aiding and abetting hostage taking, 18 U.S.C. §§ 1203, 2. Sentencing Data Sheet, ECF No. 169. After conducting this proceeding in the form and manner prescribed by Rule 11 of the Federal Rules of Criminal Procedure, this Court makes the following findings of fact:

1. Mr. Alfaro, after consultation with counsel of record and with the approval of the Government, has knowingly and voluntarily consented to be advised of his rights and to enter a plea of guilty before Judge Palermo, subject to Judge Rosenthal's final

---

[1] Mr. Alfaro consented *in writing* to plead guilty before Judge Palermo. ECF No. 167.

    approval and imposition of sentence.

2. Mr. Alfaro is fully competent and capable of entering an informed plea.

3. Mr. Alfaro is aware of the nature of the charges, the maximum punishment range, and the penalties that may be imposed at sentencing, including restitution and forfeiture.

4. Mr. Alfaro understands his constitutional and statutory rights and wishes to waive those rights, including the right to plead not guilty, the right to trial, the right to appeal, and the right to collaterally attack the conviction.

5. Mr. Alfaro understands that Judge Rosenthal, the sentencing judge, is not bound by any recommendation on sentencing counsel may make to her. In addition, if Judge Rosenthal does not follow a recommendation on sentencing, Mr. Alfaro understands he may not withdraw his plea of guilty even if the sentence is more severe than he expected it to be.

6. There is an independent basis in fact to support each of the essential elements of the offenses charged in Count 2 of the Second Superseding Indictment.

7. Mr. Alfaro's plea of guilty is knowingly, voluntarily, and freely made, and he understands the consequences of his plea. This is an informed plea.

Therefore, it is the Court's **RECOMMENDATION** that Judge Rosenthal **ACCEPT** the guilty plea of Mr. Alfaro to Count 2 of the Second Superseding Indictment and that he be adjudged guilty of the offenses alleged in Count 2 of the Second Superseding Indictment, to wit: aiding and abetting hostage taking, 18 U.S.C. §§ 1203, 2.

**The parties have fourteen (14) days to file written objections pursuant**

to General Order 2002-13.  Failure to file written objections timely shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

Signed on March 3, 2026, at Houston, Texas.

_____
**Dena Hanovice Palermo
United States Magistrate Judge**